# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **WILMINGTON SAVINGS FUND SOCIETY, FSB,**<br><br>    **Plaintiff,**<br><br>               v.<br><br>**ERICK JOSÉ RODRIGUEZ-TORO, <u>ET AL.</u>,**<br><br>    **Defendants.** | **CIVIL NO. 16-3031 (PAD)** |

## DEFAULT JUDGMENT

Upon plaintiff Wilmington Savings Fund Society, FSB's application for judgment (Docket No. 30), and it appearing from the records of this case that default was entered against defendants (Docket No. 19), plaintiff is entitled to a judgment by default. Accordingly:

1. Defendants are ordered to pay plaintiff the total outstanding principal balance of $445,262.77, plus interest at a rate of 4.75% per annum from November 1, 2015. The interest continues to accrue until the debt is paid in full.

2. Defendants are further ordered to pay plaintiff accrued late charges and any other advance, charge, fee or disbursements made by plaintiff on behalf of defendants, in accordance with the mortgage deed, plus costs, charges and disbursements, expenses, plus 10% for attorney's fees.

3. In default of the payment of the sums hereinbefore specified, or of any part thereof, within fourteen (14) days from the date of entry of this judgment, the following mortgage property, described in the Spanish language, shall be sold at public auction to the highest bidder, without an

appraisal of right of redemption for the payment of plaintiff's mortgage within the limits secured by it:

> URBANA: Solar de forma irregular identificado con el No. 15 del bloque 'J' de la URBANIZACIÓN MANSIÓN REAL, radicado en el Barrio Cerrillos del término municipal de Ponce, Puerto Rico, con una cabida superficial de 1,038.263 metros cuadrados: en colindancias por el Norte, en un arco de 16.030 metros, con la Calle No. 8 de la Urbanización denominada Calle Isabel; por el Noroeste, en una distancia de 30.31 metros lineales, con el solar No. 16 del bloque 'J' de la Urbanización; por el Sur, en una distancia de 36.57 metros lineales, con el solar No. 4 del bloque 'J' de la Urbanización; por el Este, en una distancia de 25.29 metros lineales, con el solar No. 14 del bloque 'J' de la Urbanización; y por el Oeste, en una distancia de 19.84 metros lineales, con terrenos de la finca principal de la cual se segrega. Enclava una estructura para fines residenciales. Afecto a servidumbre sanitaria a favor de la Autoridad de Acueducto y Alcantarillados de Puerto Rico que discurre a todo lo largo de su colindancia Noroeste.
>
> The property is identified with the number 60525 and is recorded at page number 181 of volume number 1940 of Ponce, in the Registry of Property of Ponce, First Section.
>
> The property is encumbered by the following junior liens in favor of the

United States or one of its agencies.

    A. In favor of the United States of America, for the principal amount of $ 17,117.01, owed by Erick J. Rodriguez Toro, Social Security No. XXX-XX-XXXX, Certification No. 534 629 309 dated April 22, 2009, Renewable on August 6, 2016, annotated to page 129, seat 1 of book 7 of Federal Contributions.

    B. In favor of the United States of America, for the principal sum of $ 82,249.05, owed by Erick J. Rodriguez Toro, Social Security No. XXX-XX-XXXX Certification No. 534 629 209 dated April 22, 2004, Renewable on August 6, 2016, annotated to page 129, seat 2 of book 7 of Federal Contributions.

    C. In favor of the United States of America, for the principal amount of $ 418.77, owed by Erick J. Rodriguez Toro, Social Security No. XXX-XX-XXXX Certification No. 536 761 909 dated April 29, 2009, Annotated to page 129, seat 1 of book 7 of Federal Contributions.

    D.  In favor of the United States of America, for the principal amount of $ 64,230.04, owed by Erick J. Rodriguez Toro, Social Security No. XXX-XX-XXXX, Certification No. 639 905 210, dated April 20, 2010, renewable November 11, 2019, annotated to page 16, Seat 3 of Book 8 of Federal Contributions.

    E.  In favor of the United States of America, for the principal sum of $ 259,081.33, owed by Erick J. Rodriguez Toro, Social Security No. XXX-XX-XXXX, Certification No. 686 874 410, dated August 20, 2010, renewable August 4, 2020, annotated to page 58, Seat 3 of Book 8 of Federal Contributions.

    F.  In favor of the United States of America, for the principal sum of $ 6,138.41, owed by Erick J. Rodriguez Toro, Social Security No. XXX-XX-XXXX, Certification No. 646 041 310, dated April 29, 2010, renewable July 3, 2018, annotated to page 58, Seat 3 of Book 8 of Federal Contributions

4. The court may appoint a Special Master to conduct the sale, but the Special Master shall not proceed to carry out the said sale, or do anything in connection with it, until further order by this court and under the form and conditions to be directed by the court.

5. The sale to be conducted by the appointed Special Master shall be subject to the confirmation by the court, and the purchaser or purchasers of the property shall be entitled to receive its possession. The minimum bid to be accepted at the first public sale in accordance with the mortgage deed is $500,000.00.

6. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this court shall be applied as follows:

    a.  To the payment of all proper expenses attendant upon the sale, including the expenses, outlays and compensation and expenses shall have been fixed and approved by the court, all expenses shall be deducted from the sum provided in the deed of mortgage for costs, charges and disbursements, expenses and attorney's fees.

    b.  To the payment of all expenses and advances made by the plaintiff.

    c. To the payment of that part of the indebtedness owed to plaintiff the principal sum of $445,262.77, plus interest at a rate of 4.750% per, accrued late charges and any other advance, charge, fee, or disbursement made by plaintiff on behalf of defendants, in accordance with the mortgage deed, plus costs, and 10% of mortgage note principal balance in attorney's fees.

    d. If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the court.

    e. If after making all those payments there is a deficiency, plaintiff may seek further orders of the court to collect the deficiency from defendants.

Plaintiff in this proceeding may apply to this court for such further orders as it may deem advisable to its interest in accordance with the terms of this judgment.

**SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of October, 2018.

                                                          s/Pedro A. Delgado-Hernández
                                                          PEDRO A. DELGADO-HERNÁNDEZ
                                                          United States District Judge